Matthew Sandofsky, Esq.
90 Canal Street, 4th Floor
Boston, MA 02114

# U.S. DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Matthew Sandofsky, individually and on behalf of all similarly situated individuals.<br><br>Plaintiff,<br>v.<br><br>Google, a corporation.<br><br>Defendant. | **COMPLAINT FOR DAMAGES, AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## I. NATURE OF THE CASE

I, Matthew Sandofsky do hereby declare under penalty of perjury that the following is true and correct:

1. Plaintiff, Matthew Sandofsky, a resident of Massachusetts, brings this action against Defendant, Google, a Delaware corporation with its principle place of business in Mountain View, Ca. This complaint seeks injunctive relief, as well as statutory and punitive damages for Defendant's practices in violation of **15 U.S.C §1681**.

## II. JURISDICTION and PARTIES

2. **28 USC §1331** states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This claim is based on a question relating to federal law, namely the provisions of the Fair Credit Reporting Act (FCRA), **15 USC §1681**, providing this Court federal question jurisdiction.

**28 USC §1332** states "the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States." Defendant is a Delaware corporation with its principal places of business in Mountain View, Ca. Plaintiff is a resident of Massachusetts. This action is, therefore, between citizens of different States. Plaintiff seeks damages in excess of $75,000. As such, this Court has diversity jurisdiction over this matter.

Through Defendant's pattern of providing consumer reports to and about Massachusetts residents, as well as it's specific act of providing the consumer report which is the subject of this action, it has created the minimum contacts necessary to be subject to this Court's personal jurisdiction under *International Shoe Co. v. Washington, 326 US 310 (1945)*.

**28 USC 1391(c)** states that venue is proper for a corporation in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. As this court has personal jurisdiction over this Defendant, venue is proper.

### III. FACTUAL ALLEGATIONS

4. Google is the world's most popular search engine and is in the business of monetizing searches performed on its website. Defendant uses a web crawler to systematically browse the world wide web and index its content in a searchable database, which, upon a user's request, are produced in the form of a list of hyperlinks, accompanied by concise descriptions of the content contained within each, and ordered according to their importance to the individual user, as determined by a computer algorithm that is fed vast amounts of information actively collected by Defendant from its many users. It is known commonly in this territorial jurisdiction, and not subject to reasonable dispute, that Google has become an extremely popular tool for employers,

landlords and others to find data on individual consumers for the purpose of evaluating whether to transact business with them, employ them, or associate with them generally.

5. Google maintains a policy that states it will not remove content from their search results unless the author of such content has removed it from their website or it "creates significant risks of identity theft, financial fraud, or other specific harms." https://support.google.com/websearch/troubleshooter/3111061?hl=en.

6. Defendant presently produces search results associated with Plaintiff's name upon request, without permission, and for a profit.

## IV. CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681.

6. The search results furnished by Defendant, constitute a consumer report under the FCRA, which defines a consumer report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility… in connection with a business transaction that is initiated by the consumer," per **15 U.S.C. §1681a(d)(1) and §1681b(3)(f)(i)**.

7. In as much as Defendant returns search results on consumers not generally the subject of publicity, Defendants is a credit reporting agency under FCRA, which defines the term as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and

which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports," per **15 U.S.C. §1681a(f)**. Defendant is also a reseller under **15 U.S.C. §1681a(u)**, which defines a reseller as "a consumer reporting agency that assembles and merges information contained in the database of another consumer reporting agency or multiple consumer reporting agencies concerning any consumer for purposes of furnishing such information to any third party, and does not maintain a database of the assembled or merged information from which new consumer reports are produced."

6. Defendant is required to adopt "reasonable procedures for [providing] information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization," per **15 U.S.C. §1681a(b)**. Defendant has neglected to do so.

7. In general "any consumer reporting agency may furnish a consumer report under the following circumstances and no other: (1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury. (2) In accordance with the written instructions of the consumer to whom it relates. (3) To a person which it has reason to believe (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or (B) intends to use the information for employment purposes; or (C) intends to use the information in connection with the underwriting of insurance involving the consumer; or (D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or (F) otherwise has a legitimate business need for the information (i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer (G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards. [2] (4) In response to a request by the head of a State or local child support enforcement agency (or a State or local government official authorized by the head of such an agency), if the person making the request certifies to the consumer reporting agency that – (A) the consumer report is needed for the purpose of establishing an individual's capacity to make child support payments, determining the appropriate level of such payments, or enforcing a child support order, award, agreement, or judgment; (B) the parentage of the consumer for the child to which the obligation relates has been established or acknowledged by the consumer in accordance with State laws under which the obligation arises (if required by those laws); and (C) the consumer report will be kept confidential, will be used solely for a purpose described in subparagraph (A), and will not be used in connection with any other civil, administrative, or criminal proceeding, or for any other purpose. (5) To an agency administering a State plan under Section 454 of the Social Security Act (42 U.S.C. § 654) for use to set an initial or modified child support award. (6) To the Federal Deposit Insurance Corporation or the National Credit Union Administration as part of its preparation for its appointment or as part of its exercise of powers, as conservator, receiver, or liquidating agent for an insured depository institution or insured credit union under the Federal Deposit Insurance Act or the Federal Credit Union Act, or other

applicable Federal or State law, or in connection with the resolution or liquidation of a failed or failing insured depository institution or insured credit union, as applicable." **15 U.S.C. §1681b(a).** Google maintains no policies that would assure the consumer reports they produce are to be used for any of these permissible purposes and regularly produce them for no permissible purpose.

8. "A consumer reporting agency may furnish a consumer report for employment purposes only if (A) the person who obtains such report from the agency certifies to the agency that (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; and (B) the consumer reporting agency provides with the report, or has previously provided, a summary of the consumer's rights under this title, as prescribed by the Bureau under section 609(c)(3) [§ 1681g]." **15 U.S.C. §1681b(b).** Google maintains no such procedure to assure the permissible use of the consumer reports they produce.

9. "A person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless – (i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and (ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i) the procurement of the report by that person." **15 U.S.C. §1681b(b).** Google does not require any

disclosure to any consumer and generates these reports in the regular course of their business intentionally without regard to the consumer's preferences or consent.

10. Defendant, is required upon receipt of "a notice from a consumer of a dispute concerning the completeness or accuracy of any item of information contained in a consumer report on such consumer… within 5 business days of receiving the notice, and free of charge, [to] determine whether the item of information is incomplete or inaccurate as a result of an act or omission… and… if the reseller determines that the item of information is incomplete or inaccurate as a result of an act or omission of the reseller, not later than 20 days after receiving the notice, correct the information in the consumer report or delete it; or… if the reseller determines that the item of information is not incomplete or inaccurate as a result of an act or omission of the reseller, convey the notice of the dispute, together with all relevant information provided by the consumer, to each consumer reporting agency that provided the reseller with the information that is the subject of the dispute, using an address or a notification mechanism specified by the consumer reporting agency for such notices." **15 U.S.C. §1681a(f)(2).** Defendant as a matter of policy refuses to abide by its statutory obligation to investigate, correct, or notify relevant web hosts of the inaccuracies.

## **Statutory Damages**

11. **15 U.S.C. §1681n** provides that any person "who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of … not less than $100 and not more than $1000[.]" Defendant has failed to comply with any part of **15 U.S.C. §1681** and maintains a policy of noncompliance.

### Class Relief

12. **FCRP Rule 23(a)** provides that "one or more members of a class may sue or be sued as representative parties on behalf of all members only if… the class is so numerous that joinder of all members is impracticable; there are questions of law or fact common to the class… the claims or defenses of the representative parties are typical of the claims or defenses of the class; and… the representative parties will fairly and adequately protect the interests of the class. **FCRP Rule 23(b)** states that "a class action may be maintained if Rule 23(a) is satisfied and if… [T]he party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole; or… the court finds the the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

The common questions of law that affect every consumer in this class are: 1) whether Google must acquire the consent of consumers upon whom they produce reports, and 2) whether they must conduct adequate due diligence relating to the information they convey to their customers in order to assure it's accuracy. Google's willful disregard of federal consumer reporting guidelines has affected millions of consumers. Joinder of this many plaintiffs would be impracticable, if not impossible. A class action is vastly superior to all other available methods for fairly and efficiently adjudicating this controversy.

### Punitive Damages

13. Defendant's conduct demonstrates a reckless disregard for the truth and accuracy of the consumer reports they generate. The acts and omissions described above were willful and

performed with actual or implied malice. Punitive and exemplary damages are therefore appropriate and should be imposed in this instance.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendant for:

1. Injunctive and equitable relief as the Court deems appropriate including: requiring Defendant Google to adopt of adequate due diligence procedures to assure the content of the consumer reports they generate is current and accurate, a free means of disputing and correcting inaccuracies, and a procedure for consumers who have neither sought nor received publicity to opt out of being produced in search results entirely.

2. Statutory damages to be paid by Defendant in the sum of $1,000 to each affected consumer who is a member of the class defined in this complaint;

3. Punitive damages as the court deems appropriate;

4. Costs and attorneys fees of this lawsuit, with interest;

5. Any other relief as the court deems appropriate.

Dated: January 11, 2021

_____,
Plaintiff
Matthew Sandofsky
90 Canal Street, 4th Floor
Boston, Ma 02114
(617)817-1785
mls@sandofskylaw.com