IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW SANDOFSKY, ) | |
| individually and on behalf of all similarly ) | |
| situated individuals. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 1:21-cv-10052-FDS |
| ) | |
| GOOGLE LLC, ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT GOOGLE LLC'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS (LEAVE TO FILE GRANTED MAY 24, 2021)**

Google LLC ("Google") submits this Reply Memorandum in Support of its Motion to Dismiss the Amended Complaint filed against it by Plaintiff Matthew Sandofsky ("Plaintiff"). For the reasons set forth in Google's Motion to Dismiss and those detailed below, Google respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice.

**INTRODUCTION**

Google moved to dismiss the Amended Complaint on the basis that Plaintiff has not plausibly alleged — and cannot allege — that Google is a consumer reporting agency ("CRA") or a furnisher of consumer report information subject to the Fair Credit Reporting Act ("FCRA"), and has not otherwise adequately alleged the elements of the asserted claims. *See* ECF No. 14. Plaintiff's Opposition merely repeats the deficient language of the Amended Complaint and declares, without factual support, that his claims are not mere threadbare recitals of the elements of a FCRA claim. *See* ECF No. 16. This, of course, is insufficient to salvage the Amended Complaint. *See, e.g.*, *In re Sony Networks and Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 1011 (S.D. Cal. 2014) (dismissing FCRA claim where plaintiffs "merely recite[d] the

language of the statute in an attempt to come within the confines of the FCRA" but pled no supporting facts).

Plaintiff also asks the Court to take judicial notice of "facts generally known within the trial court's territorial jurisdiction," the accuracy of which "can be . . . readily determined from sources whose accuracy cannot reasonably be questioned." ECF No. 16, at 2. That hardly describes the several exhibits that Plaintiff has attached to his Opposition: purported Google policies (Exhibits A and E) and a purported GDPR policy (Exhibit D) that contain no URL or other indicia of authenticity, a screenshot of what Plaintiff contends is a reflection of mylife.com's affiliation with Google Ads (Exhibit B), and several newspaper and blog articles, as well as a reference to a PBS documentary (Exhibit C). These documents do not reflect information that is "generally known," do not contain the source information necessary to verify their accuracy, and are not otherwise subject to judicial notice. Moreover, even if considered, these documents do not remedy the substantial pleading deficiencies in the Amended Complaint.

Google's Motion to Dismiss with prejudice (ECF No. 14) should be granted.

## I.     PLAINTIFF FAILS TO STATE A PLAUSIBLE FCRA CLAIM.

Plaintiff's Opposition does not adequately respond to the fatal pleading deficiencies identified in Google's Motion to Dismiss.

As to Google's arguments that it cannot be liable as a furnisher or user of consumer information (*see* ECF No. 14, at 8), Plaintiff fails to provide any response at all. *See generally,* Opposition (ECF No. 16). Accordingly, Plaintiff has waived any opposition to the Motion to Dismiss on that front. *See Doe v. Stonehill College, Inc.*, No. 20-10468-LTS, 2021 WL 706228, at *16-17 (D. Mass. Feb. 23, 2021) (dismissing claims due to failure to "address them in his opposition to the Motion to Dismiss").

As to the focus of Google's Motion to Dismiss, i.e. that the Amended Complaint fails to plausibly allege three[1] of the four elements necessary to establish that Google is a CRA subject to FCRA (*see* ECF No. 14, at 4-8), Plaintiff's Opposition offers no sound rebuttal.

    A.    Plaintiff Does Not Point to Any Allegations That Google "Regularly Assembles or Evaluates" Consumer Credit Information.

First, Plaintiff has not alleged that Google regularly assembles or evaluates consumer credit information, "a function which involves more than receipt and transmission of information." ECF No. 14, at 5 (citing *D'Angelo v. Wilmington Med. Ctr., Inc.*, 515 F. Supp. 1250, 1253 (D. Del. 1981) and *Carlton v. Choicepoint, Inc.*, No. 08-5779-RBK-KMW, 2009 WL 4127546, at *4 (D.N.J. 2009) (where the allegations show no more than that a defendant "pass[es] information on to other parties," i.e., it is a "conduit of information," a FCRA claim will not lie)); *see also Melendez v. Equifax Credit Info. Servs.*, No. 95–2309, 1997 WL 392375, at *2 (D.P.R. July 3, 1997) ("It is well settled that a company or person which merely furnishes information to a consumer reporting agency is not a 'consumer reporting agency' or a 'user of information' and, therefore, not within the scope of the [FCRA].").

Instead, the Amended Complaint alleges only that Google "scour[es] the world wide web for information . . . using a man-made tool" to provide search results to users. ECF No. 16, at 5. As Google pointed out in its Motion to Dismiss, however, such an allegation is exactly what the courts have held is *insufficient*, i.e., merely the "receipt and transmission of information." *See* ECF No. 14, at 5.

Rather than materially respond to this argument and the case law, Plaintiff argues that "[t]he term conduit has only a plain meaning" and that Google's use of an algorithm to rank and

---

[1] Google has not challenged the "interstate commerce" element of 15 U.S.C. § 1681a(f).

display websites makes it more than a "conduit." ECF No. 16, at 7. Plaintiff neither offers a citation to legal authority to support his novel deconstruction of the phrase "conduit of information," nor explains how the technological method of transmission of the information Google receives is relevant to the inquiry before the Court. Whether by algorithm or otherwise, Plaintiff still alleges only that Google receives and transmits information, and nothing more. Absent any alleged facts in the Amended Complaint that Google regularly assembles and evaluates consumer credit information, Plaintiff fails to state a FCRA claim.

                B.        <u>Plaintiff Fails to Allege the Requisite Specific Intent.</u>

Second, the Amended Complaint fails to adequately allege that, even if Google does regularly assemble or evaluate consumer information (which it does not), it is not "for the purpose of furnishing consumer reports to third parties." *See* ECF No. 14, at 6-7. As Google explained in its Motion, this is a requirement for FCRA liability, and courts around the country agree that the alleged CRA must specifically intend the information it furnishes to constitute a consumer report in order to satisfy it. *Id*. (citing *Kidd v. Thomson Reuters Corp*., 925 F.3d 99, 101 (2d Cir. 2019); *Zabriskie v. Fed. Nat'l Mortgage Ass'n*, 940 F.3d 1022, 1027 (9th Cir. 2019); *Tierney v. Advocate Health & Hosps. Corp*., 797 F.3d 449 (7th Cir. 2015); Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18,804 (May 4, 1990)).

In response, Plaintiff states in conclusory fashion that "[t]his simply is not true." ECF No. 16, at 1. Plaintiff cites *Chiang v. Verizon New England Inc.*, 595 F.3d 26, 34 (1st Cir. 2010), but that case is inapposite. *Chiang* did not involve an alleged CRA's liability under FCRA; it involved a furnisher's (Verizon's) liability under FCRA. Indeed, 15 U.S.C. § 1681a(f), the provision applicable to CRAs, was not discussed at all in *Chiang*. And since the Amended Complaint does not allege any facts to suggest that Google is a furnisher of information, and Plaintiff's Opposition

is silent on that part of Google's Motion to Dismiss (*see supra*), *Chiang* offers no support for Plaintiff's argument here.

Plaintiff also contends that even if specific intent is required, he has adequately alleged such intent. Yet, Plaintiff does not point to any actual allegations in the Amended Complaint of such specific intent. Instead, Plaintiff asks this Court to infer intent on the basis of various documents that were not attached to the Amended Complaint:

- "Google's Misrepresentation Policies Update" (Exhibit A),
- "an image of Google Advertising trackers" (Exhibit B),
- a sample of newspaper and blog articles speaking to the issues with arrest records appearing on the Internet (Exhibit C), and
- a PBS documentary that (according to Plaintiff) addressed the same. *See* ECF No. 16, at 2, 6.

Plaintiff asks the Court to judicially notice these materials and argues that they establish that Google was on notice that some users were "improperly using" its search engine for FCRA-regulated purposes, but failed to change its policies (Exhibits A and B, he says) in response. *See* ECF No. 16, at 6.

As explained *infra* Part III, the Court cannot take judicial notice of any of these newly offered materials.[2] But even if it could, they do not give rise to a plausible allegation of specific intent. Even if Google was aware that some users "improperly used" its search engine, that is not

---

[2] It is also textbook law that "[f]or the purposes of deciding whether a plaintiff's factual allegations are sufficient in the context of a motion to dismiss under Rule 12(b)(6), the court may not look beyond the complaint to facts alleged solely in a plaintiff's moving papers." *Klein v. MHM Corr. Servs., Inc.*, No. 08-11814-MLW, 2010 WL 3245291, at *2 (D. Mass. Aug. 16, 2010); *Miller v. Suffolk Cnty. House of Corr.*, No. 01-11331-DPW, 2002 WL 31194866, at *2 n.1 (D. Mass. Sept. 27, 2002) (declining to consider new allegation presented in opposition to motion to dismiss, and collecting cases which hold the same).

enough to show Google specifically intended that its search engine would be used "for the purpose of furnishing consumer reports to third parties." *See, e.g.*, ECF No. 14, at 6-7; *see also, e.g.*, *Sweet v. LinkedIn Corp.*, No. 5:14-cv-04531-PSG, (N.D. Cal. Apr. 14, 2015) (concluding that LinkedIn did not intend for its "References Search" tool to be used "for the purpose of" making employment decisions, and thus it was not a "consumer report," regardless of whether potential employers had actually used it as such). As quite clearly stated in the Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18,804 (May 4, 1990), even if "some [of the information an entity provides] might be used by an occasional subscriber for purposes" that might fall within the scope of FCRA, that does not render the entity a CRA.

    C. Plaintiff Does Not Allege That Google Provides Search Results in Exchange for Fees.

Finally, Google explained in its Motion to Dismiss that the Amended Complaint does not adequately allege that Google provides search results to users in exchange for a monetary fee, as required for it to be a CRA under FCRA. *See* ECF No. 14, at 7 (explaining that "[t]he relevant analysis is not whether the entity makes money at all, but whether it makes money in exchange for performing the alleged FCRA-regulated activity," citing *Tierney*, 797 F.3d at 452). Plaintiff responds only that "Google monetizes search results . . . by collecting membership fees from advertisers, among them the very malicious actors that are the subject of this complaint." ECF No. 16, at 5. Whether Google makes money from advertisers is irrelevant to the inquiry of whether it furnishes search results in exchange for money. Plaintiff fails to allege facts sufficient to plausibly allege that Google makes money in exchange for performing FCRA-regulated activity, which is by itself fatal to the Amended Complaint.

## II.     PLAINTIFF'S MASSACHUSETTS "PRODUCT LIABILITY" CLAIM SHOULD BE DISMISSED.

The Amended Complaint contains a sub-section entitled "Product Defect," which alleges that "Google's search engine is defective insomuch as its design is unreasonably dangerous" because "[i]t invites extortionists to promote their business by piggybacking on the search results it produces as its algorithm quickly learns to favor such content." Am. Compl. ¶ 16.  But, as Google pointed out in its Motion to Dismiss, the Amended Complaint does not contain a cause of action for product liability and Google was not on notice that any such cause of action was being asserted.  ECF No. 14, at 3 n.6.  Now, in his Opposition, Plaintiff suggests that he did intend to bring a claim for product liability against Google, on the theory that its search engine has a defective design.  ECF No. 16, at 9.  Such a cause of action (should the Court consider it) fails to state a claim upon which relief can be granted, as Plaintiff does not plead the physical injury required to sustain it.

Under Massachusetts law, a plaintiff alleging a design defect "has the burden to show that the manufacturer failed to exercise reasonable care to eliminate avoidable or foreseeable dangers to the user." *Wayslow v. Glock, Inc.*, 975 F. Supp. 370, 379 (D. Mass. 1996).  The plaintiff must show that [1] the product design defect that [2] proximately caused [3] his injury is attributable to [4] the defendant's negligence.  *Id*.  With respect to injury, only an alleged ***physical*** injury will suffice to support a claim for product liability, because the economic loss doctrine operates to bar any product liability claims where the alleged injury is purely economic in nature.  *See, e.g.*, *Sebago, Inc. v. Beazer East, Inc.*, 18 F. Supp. 2d 70, 89 (D. Mass. 1998) ("Under Massachusetts [] law, the economic loss doctrine provides that purely economic losses are not recoverable in negligence and strict liability actions in the absence of personal injury or damage to property other than the product itself.").

7

Plaintiff does not (and cannot) allege that he (or any putative class members) suffered any physical injury as required to state a claim for product liability. *See Sebago*, 18 F. Supp. 2d at 89. Indeed, it is not clear what injury Plaintiff claims to have suffered at all; the "harm" Plaintiff alleges in the Amended Complaint is general and speculative at best. *See, e.g.*, Am. Compl. ¶ 15 ("Defendant has a duty to exercise reasonable and due care by maintaining appropriate procedures for the expedient review and deletion of materials on its platform that may cause harm to the public."); *id.* ¶ 16 ("Defendant Google is fully aware of millions of consumers affected by its behavior yet it refuses to adopt appropriate mitigation measures."); *id.* ¶ 20 ("Google's actions have harmed millions of consumers.").

Plaintiff's product liability claim, to the extent pled, should be dismissed with prejudice.

### III.   THE COURT CANNOT TAKE JUDICIAL NOTICE OF EXHIBITS A-E.

Plaintiff asks the Court to take "judicial notice" of the following five documents attached to his Opposition:

- **Exhibit A**, which Plaintiff describes as "Google's Misrepresentation Policies Update, dated July 2020" (ECF No. 16, at 2), which contains no URL or other information that would in any way identify its source, and includes a handwritten circle around a portion of the text.
- **Exhibit B**, described by Plaintiff as "an image of Google Advertising trackers attached to mylife.com taken last week," (*id.*) which also contains no URL or other information that would identify its source, and which appears to involve another program or plug-in that provides the referenced information.
- **Exhibit C**, which appears to be a collection of newspaper and blog articles, some of which contain URLs or other source information and some of which do not, some of which are missing photos, and all of which appear to have alterations to the text such as highlighting.
- **Exhibit D**, a document labeled "Art. 17 GDPR," with no URL or source information.
- **Exhibit E**, which Plaintiff suggests is "Defendant's EU Privacy Removal Form" (ECF No. 16, at 10), but which again contains no URL or other source information.

As a general rule, "any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for

summary judgment under Rule 56." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (internal citations omitted). Several narrow exceptions exist, none of which apply here. *See id.*

Fed. R. Evid. 201(b) states that: " The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." This Court has, on occasion, judicially noticed facts that appear on webpages. *See, e.g., Walsh v. Teltech Sys., Inc.*, 13-13064-RWZ, 2015 WL 12856456, at *1, n.2 (D. Mass. July 30, 2015) (advising the parties that the Court would follow other courts and take judicial notice of facts that previously appeared on the subject website acquired via the Wayback Machine "as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Exhibits A through E, however, do not contain source information; neither the Court nor Google has anything more than Plaintiff's word that any of the documents were actually obtained from websites. Plaintiff has also not provided the URLs or any information about where, when, or how the information was obtained to allow the Court or Google to confirm the materials. Thus, Exhibits A through E are not from "sources whose accuracy cannot reasonably be questioned," and the Court cannot consider any of them in ruling on Google's Motion to Dismiss.

### IV. PLAINTIFF'S "CLASS" CLAIM MUST BE DISMISSED BECAUSE A *PRO SE* PLAINTIFF CANNOT REPRESENT A CLASS.

Duly-licensed lawyer or not, the law is clear that a *pro se* plaintiff cannot represent a putative class. *See, e.g., Kerlinsky v. Sandoz, Inc.*, No. 09-30136-MAP, 2010 WL 4450494, at *2 (D. Mass. Oct. 25, 2010) ("[E]ven were Plaintiff to demonstrate that he is currently licensed to practice as an attorney in this court . . . he is not otherwise qualified pursuant to Fed. R. Civ. P. 23(g) to serve as class counsel."); *see also Dutkiewicz v. Foster*, 88 F.R.D. 85, 86 (D. Mass. 1980)

(a "pro se plaintiff may only appear and practice on their own behalf, not on behalf of an alleged class"). Plaintiff wants an exception, but provides no authority or rationale to persuade this Court to obviate from well-settled law.  *See* ECF No. 16, at 10.  Plaintiff's "class" allegations must be dismissed.

## CONCLUSION

For the reasons detailed herein and in Google LLC's Memorandum of Law in Support of its Motion to Dismiss (ECF No. 14), Google LLC respectfully requests that the Court grant its Motion to Dismiss the Amended Complaint with prejudice, and order any other relief to which it is entitled.

Respectfully Submitted,

*/s/ Christopher S. Finnerty*
Christopher S. Finnerty (BBO # 657320)
Jennifer J. Nagle (BBO # 669325)
Morgan T. Nickerson (BBO # 667290)
Emily E. Gianetta (BBO # 687585)
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
T: (617) 261-3100
F: (617) 261-3175
chris.finnerty@klgates.com
jennifer.nagle@klgates.com
morgan.nickerson@klgates.com
emily.gianetta@klgates.com

Dated: June 3, 2021

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

I, Christopher S. Finnerty, hereby certify that on this 3rd day of June, 2021, this Reply Memorandum in Support of Defendant Google LLC's Motion to Dismiss was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that a copy of the same will be sent to the below non-registered participant by email by agreement of the parties:

    Matthew Sandofsky
    mls@sandofskylaw.com
    *Plaintiff (pro se)*

 */s/ Christopher S. Finnerty*
 Christopher S. Finnerty